UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

K.T., individually, a citizen and resident of the
State of Virginia; K.T. (2)., individually, a citizen
and resident of the State of Virginia, and K.T., as
father and natural guardian of minors J.T. (1) and
J.T. (2), citizens and residents of the State of
Virginia,

       Plaintiffs,

v.

ROYAL CARIBBEAN
CRUISES LTD., a Liberian
corporation, and ARVIN
JOSEPH MIRASOL, a citizen
and resident of the Republic of
the Philippines,

       Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, K.T.., both individually and as father and natural guardian of two minors, J.T.

and J.T., all of whom are citizens and residents of the State of Virginia, and K.T. (2), an adult,

individually, a citizen and resident of the State of Virginia[1], through undersigned counsel, sue the

Defendants, ROYAL CARIBBEAN CRUISES LTD., a Liberian Corporation with its principal

---

[1] Due both to the sensitive nature of the allegations set forth below and the minority status of minors J.T. (1) and J.T. (2), all Plaintiffs are proceeding in this case using their initials rather than full names.  Defendant is aware of the Plaintiffs' full names through pre-suit communications including the pre-suit written notice referenced in Paragraph 17.

1

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

place of business in Florida, and ARVIN JOSEPH MIRASOL, individually, a citizen and resident

of the Republic of the Philippines, and allege:

<u>**JURISDICTION, VENUE, AND PARTIES**</u>

1.      This is an action for damages in excess of seventy-five thousand ($75,000.00)

dollars, exclusive of interest and costs.

2.      Adult Plaintiff K.T. is *sui juris* and is a citizen and resident of the State of Virginia.

3.      Adult Plaintiff K.T. (2)  is *sui juris* and is a citizen and resident of the State of

Virginia.

4.      Minor Plaintiff, J.T. (1), is a minor individual and a citizen and resident of the State

of Virginia, proceeding in this action through Plaintiff K.T. as J.T. (1)'s father and natural guardian.

5.      Minor Plaintiff, J.T. (2)., is a minor individual and a citizen and resident of the State

of Virginia, proceeding in this action through Plaintiff K.T. as J.T. (2)'s father and natural guardian.

6.      All adult and minor Plaintiffs are nationals of the United States.

7.      Defendant, ROYAL CARIBBEAN CRUISES LTD. ("Defendant, RCCL"), is a

Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida.

Defendant is therefore a citizen both of Liberia and of Florida for purposes of determining subject

matter jurisdiction over this action.

8.      Defendant, ARVIN JOSEPH MIRASOL ("Defendant, MIRASOL"), is a citizen

and resident of the Republic of the Philippines.

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§1332, based on diversity of citizenship. Plaintiffs are all citizens of the State of Virginia, while

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

Defendant RCCL is a citizen both of Liberia and of Florida for jurisdictional purposes, and Defendant MIRASOL is a citizen of the Republic of the Philippines. The injuries and damages alleged below support an award of damages to each Plaintiff in excess of the jurisdictional amount of $75,000.00.

10.     At all material times, RCCL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

11.     At all material times, RCCL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiffs.

12.     At all material times, Defendant MIRASOL was a crewmember aboard a passenger cruise vessel operated by RCCL, known as the "*Symphony of the Seas*."

13.     The *Symphony of the Seas* embarked and disembarked cruise passengers in Florida for voyages which began and ended in Florida, including the Plaintiffs' voyage described below.

14.     MIRASOL committed acts during the subject cruise aboard the *Symphony of the Seas* that are prohibited by the criminal laws of the United States and the laws of Florida.  He ultimately entered a plea of guilty to violation of 18 U.S.C. §2251(a) and §2251(e), relating to the production of child pornography. *See* United States District Court, Southern District of Florida, Fort Lauderdale Division, Case No. 0:24-cr-60046-MD-1 [ECF 24, 35, 36].

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

15.    In the operative ticket contract, RCCL requires fare paying passengers such as Plaintiffs to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

16.    Venue is also proper in this district because RCCL's, headquarters and principal place of business are located within this district.

17.    Plaintiffs have complied with all conditions precedent to bringing this action. Plaintiffs reported the incident to the ship's crew shortly after it occurred, and an incident report and other records were prepared onboard the ship. Furthermore, Plaintiffs each gave RCCL timely written notice of their claims as required by the ticket contract on March 19, 2024, a copy of which is attached as Exhibit 1.

<u>**LIABILITY AND DAMAGE ALLEGATIONS<br>COMMON TO ALL COUNTS**</u>

18.    At all material times, Defendant RCCL owned, operated, managed, maintained and/or controlled the *Symphony of the Seas*.

19.    At all material times, RCCL operated the *Symphony of the Seas* as a passenger cruise vessel, providing cruises to fare paying passengers such as the Plaintiffs.

20.    At all times material hereto, Defendant RCCL employed Defendant MIRASOL as a crewmember, specifically as a stateroom attendant aboard the *Symphony of the Seas*.

21.    From January 12, 2024, through January 21, 2024, Plaintiffs were fare-paying passengers aboard the *Symphony of the Seas*, which was then in navigable waters.

22.    At all material times, RCCL assigned MIRASOL to serve as a stateroom attendant for Plaintiffs' stateroom and accordingly provided him with access to their stateroom and

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

controlled his stateroom access.  RCCL provided MIRASOL a key card, employing its key card

stateroom access system, to be used by MIRASOL in the course and scope of his stateroom

attendant duties, thereby enabling him to obtain access to the passenger staterooms RCCL had

assigned him to clean and maintain. Accordingly, when MIRASOL accessed passenger

staterooms, including Plaintiffs' stateroom, he was ostensibly acting in the course and scope of his

employment as a stateroom attendant for RCCL, although as alleged below (and as confirmed by

his guilty plea as referenced in Paragraph 14 above), his activities once he obtained access to the

staterooms through the means provided by RCCL were not limited to acts within the course and

scope of his employment.

23.     At all times material hereto, Plaintiffs had a reasonable expectation of privacy in

their passenger stateroom, including the bathroom therein.

24.     At a time during the Plaintiffs' cruise on board the *Symphony of the Seas*,

MIRASOL, taking advantage of the stateroom access RCCL had provided him, surreptitiously

placed a concealed video camera system inside the bathroom of Plaintiffs' stateroom.  Using this

system, he was able to capture and record images of Plaintiffs, including both the minor Plaintiffs

A.H. and E.B. and the adult Plaintiffs J.H. and A.H., while undressed and engaging in private

activities associated with use of a bathroom, without Plaintiffs' prior knowledge or consent.

25.     Upon information and belief, MIRASOL, using the video camera and system he

had concealed inside the bathroom of Plaintiffs' stateroom, transmitted and/or uploaded some of

the private images of Plaintiffs referenced in the preceding paragraph to the Internet, without

Plaintiffs' prior knowledge or consent.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

26.     As a result of MIRASOL's actions, Plaintiffs reasonably believe that images and/or videos of Plaintiffs, including the minor Plaintiffs. while undressed and/or engaging in private activities associated with use of a bathroom have been distributed broadly through the Internet. As a result of MIRASOL's acts and Plaintiffs' consequent reasonable beliefs regarding the past and likely indefinitely ongoing wide and uncontrollable distribution of their private images to strangers, Plaintiffs have suffered and will continue to suffer from severe emotional distress.

27.     On or about February 26, 2024, a concealed camera system placed by MIRASOL was discovered in another passenger's stateroom bathroom on the *Symphony of the Seas*.

28.     On March 3, 2024, the *Symphony of the Seas* arrived at Port Everglades, Florida.

29.     After the *Symphony of the Seas* arrived in Port Everglades on March 3, 2024, law enforcement investigated MIRASOL's activities and discovered in his possession numerous electronically stored photographs and videos of a pornographic nature, including child pornography. MIRASOL admitted that, since he began work as a stateroom attendant on board the *Symphony of the Seas*, he had on a repeated basis placed concealed camera systems in the passenger staterooms to which his position gave him access and had used these systems to record and view images and video of passengers in a state of undress and engaging in private activities in their bathrooms.  He ultimately entered a plea of guilty to violations of 18 U.S.C. §2251(a) and §2251(e), relating to the production of child pornography.  *See United States v. Mirasol*, United States District Court, Southern District of Florida, Fort Lauderdale Division, Case No. 0:24-cr-60046-MD-1 [ECF 23, 24, 35, 36].

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

## COUNT I – INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS AGAINST DEFENDANT MIRASOL

30.     Plaintiffs adopt, reallege, and incorporate by reference all allegations within Paragraphs 1 through 29 above and further allege the following matters.

31.     During Plaintiffs' cruise on board the *Symphony of the Seas*, Defendant RCCL assigned Plaintiffs a passenger stateroom during the subject cruise, which was intended and used as a private area for the Plaintiffs' use.

32.     During the Plaintiffs' cruise on board the *Symphony of the Seas,* Defendant MIRASOL intentionally and surreptitiously hid a camera system in the bathroom of Plaintiffs' assigned stateroom, to which he had gained access in the course of his service as a stateroom attendant assigned to clean and maintain Plaintiffs' stateroom, for the purpose of capturing images of Plaintiffs while partially or fully undressed and engaging in private activities in the bathroom, both for his own viewing and/or to distribute and upload to the Internet.

33.     MIRASOL's conduct as alleged above invaded Plaintiffs' reasonable expectation of privacy and was thereby highly offensive to reasonable cruise ship passengers including the Plaintiffs.

34.     At all material times, MIRASOL's conduct as alleged above was extreme and outrageous.

35.     At all material times, MIRASOL's conduct as alleged above was committed intentionally and/or with a reckless disregard for the probability of causing Plaintiffs severe emotional distress.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

36.     MIRASOL's intentional extreme and outrageous conduct toward Plaintiffs, once discovered by Plaintiffs, caused severe emotional distress to the Plaintiffs, which is continuing and more likely than not will continue indefinitely for the reasons alleged in Paragraph 26 above.

37.     As a direct and proximate result of Defendant MIRASOL's tortious actions alleged above, Plaintiffs have suffered and will continue to suffer mental anguish, loss of enjoyment of life, post-traumatic stress disorder,  aggravation of any previously existing conditions therefrom, incurred medical and health care expenses in the care and treatment of their injuries in the past and future, the future medical and health care expenses being reasonably certain to occur,  and suffered lost earnings, earning capacity, or both, both in the past and in the future. The injuries are permanent or continuing in nature and Plaintiffs will suffer the damages alleged above in the future.

**WHEREFORE,** Plaintiffs demand judgment against Defendant MIRASOL for compensatory and punitive damages and the costs of this action, and further demand trial by jury of all issues so triable as of right.

## COUNT II – VICARIOUS STRICT LIABILITY FOR INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS AGAINST DEFENDANT RCCL

38.     Plaintiffs adopt, reallege, and incorporate by reference all allegations within Paragraphs 1 through 29 above and further allege the following matters.

39.     During Plaintiffs' cruise on board the *Symphony of the Seas*, Defendant RCCL assigned Plaintiffs a passenger stateroom during the subject cruise, which was intended and used as a private area for the Plaintiffs' use.

40.     During the Plaintiffs' cruise on board the *Symphony of the Seas,* Defendant MIRASOL intentionally and surreptitiously hid a camera system in the bathroom of Plaintiffs'

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

assigned stateroom, to which he had gained access in the course of his service as a stateroom attendant

assigned to clean and maintain Plaintiffs' stateroom, for the purpose of capturing images of Plaintiffs

while partially or fully undressed and engaging in private activities in the bathroom, both for his

own viewing and/or to distribute and upload to the Internet.

   41. MIRASOL's conduct as alleged above invaded Plaintiffs' reasonable expectation of

privacy and was thereby highly offensive to reasonable cruise ship passengers including the

Plaintiffs.

   42. At all material times, MIRASOL's conduct as alleged above was extreme and

outrageous.

   43. At all material times, MIRASOL's conduct as alleged above was committed

intentionally and/or with a reckless disregard for the probability of causing Plaintiffs severe

emotional distress.

   44. MIRASOL's intentional extreme and outrageous conduct toward Plaintiffs, once

discovered by Plaintiffs, caused severe emotional distress to the Plaintiffs, which is continuing and

more likely than not will continue indefinitely for the reasons alleged in Paragraph 26 above.

   45. At all material times, RCCL employed Defendant MIRASOL as a member of the

crew on board the *Symphony of the Seas*, specifically a stateroom attendant assigned to clean and

maintain passenger staterooms, including the Plaintiffs' stateroom and the bathroom therein.

   46. At all material times RCCL under applicable maritime law was and is vicariously

liable for any intentionally tortious acts of crewmembers or employees committed upon fare-

paying passengers voyaging on an RCCL vessel such as the *Symphony of the Seas*.  This includes

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

the acts MIRASOL committed against the Plaintiffs as alleged above.

47.     As a direct and proximate result of Defendant MIRASOL's tortious actions alleged above, for which Defendant RCCL is vicariously liable as alleged above, Plaintiffs have suffered and will continue to suffer mental anguish, loss of enjoyment of life, post-traumatic stress disorder, aggravation of any previously existing conditions therefrom, incurred medical and health care expenses in the care and treatment of their injuries in the past and future, the future medical and health care expenses being reasonably certain to occur,  and suffered lost earnings, earning capacity, or both, both in the past and in the future. The injuries are permanent or continuing in nature and Plaintiffs will suffer the damages alleged above in the future.

**WHEREFORE,** Plaintiffs demand judgment against Defendant RCCL for compensatory and punitive damages and the costs of this action, and further demand trial by jury of all issues so triable as of right.

## COUNT III – INVASION OF PRIVACY AGAINST DEFENDANT MIRASOL

48.     Plaintiffs adopt, reallege, and incorporate by reference all allegations within Paragraphs 1 through 29 above and further allege the following matters.

49.     During Plaintiffs' cruise on board the *Symphony of the Seas*, Defendant RCCL assigned Plaintiffs a passenger stateroom during the subject cruise, which was intended and used as a private area for the Plaintiffs' use.

50.     During the Plaintiffs' cruise on board the *Symphony of the Seas,* Defendant MIRASOL intentionally and surreptitiously hid a camera system in the bathroom of Plaintiffs' assigned stateroom, to which he had gained access in the course of his service as a stateroom attendant

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

assigned to clean and maintain Plaintiffs' stateroom, for the purpose of capturing images of Plaintiffs

while partially or fully undressed and engaging in private activities in the bathroom, both for his

own viewing and/or to distribute and upload to the Internet.

51.     MIRASOL's conduct as alleged above constituted an intentional intrusion upon the

solitude or seclusion of the Plaintiffs, and upon their private affairs or concerns, and was thereby

highly offensive to Plaintiffs and to reasonable persons in the position of the Plaintiffs.

52.     MIRASOL's conduct as alleged above caused severe emotional distress to the

Plaintiffs, which is continuing and more likely than not will continue indefinitely for the reasons

alleged in Paragraph 26 above.

53.     As a direct and proximate result of Defendant MIRASOL's tortious actions alleged

above, Plaintiffs have suffered and will continue to suffer mental anguish, loss of enjoyment of

life, post-traumatic stress disorder,  aggravation of any previously existing conditions therefrom,

incurred medical and health care expenses in the care and treatment of their injuries in the past and

future, the future medical and health care expenses being reasonably certain to occur,  and suffered

lost earnings, earning capacity, or both, both in the past and in the future. The injuries are permanent

or continuing in nature and Plaintiffs will suffer the damages alleged above in the future.

**WHEREFORE,** Plaintiffs demand judgment against Defendant MIRASOL for

compensatory and punitive damages and the costs of this action, and further demand trial by jury

of all issues so triable as of right.

## COUNT IV – VICARIOUS STRICT LIABILITY FOR INVASION OF PRIVACY AGAINST DEFENDANT RCCL

54.     Plaintiffs adopt, reallege, and incorporate by reference all allegations within

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

Paragraphs 1 through 29 above and further allege the following matters.

55.     During Plaintiffs' cruise on board the *Symphony of the Seas*, Defendant RCCL assigned Plaintiffs a passenger stateroom during the subject cruise, which was intended and used as a private area for the Plaintiffs' use.

56.     During the Plaintiffs' cruise on board the *Symphony of the Seas,* Defendant MIRASOL intentionally and surreptitiously hid a camera system in the bathroom of Plaintiffs' assigned stateroom, to which he had gained access in the course of his service as a stateroom attendant assigned to clean and maintain Plaintiffs' stateroom, for the purpose of capturing images of Plaintiffs while partially or fully undressed and engaging in private activities in the bathroom, both for his own viewing and/or to distribute and upload to the Internet.

57.     MIRASOL's conduct as alleged above constituted an intentional intrusion upon the solitude or seclusion of the Plaintiffs, and upon their private affairs or concerns, and was thereby highly offensive to Plaintiffs and to reasonable persons in the position of the Plaintiffs.

58.     MIRASOL's conduct as alleged above caused severe emotional distress to the Plaintiffs, which is continuing and more likely than not will continue indefinitely for the reasons alleged in Paragraph 26 above.

59.     At all material times, RCCL employed Defendant MIRASOL as a member of the crew on board the *Symphony of the Seas*, specifically a stateroom attendant assigned to clean and maintain passenger staterooms, including the Plaintiffs' stateroom and the bathroom therein.

60.     At all material times RCCL under applicable maritime law was and is vicariously liable for any intentionally tortious acts of crewmembers or employees committed upon fare-

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

paying passengers voyaging on an RCCL vessel such as the *Symphony of the Seas*. This includes the acts MIRASOL committed against the Plaintiffs as alleged above.

61. As a direct and proximate result of Defendant MIRASOL's tortious actions alleged above, for which Defendant RCCL is vicariously liable as alleged above, Plaintiffs have suffered and will continue to suffer mental anguish, loss of enjoyment of life, post-traumatic stress disorder, aggravation of any previously existing conditions therefrom, incurred medical and health care expenses in the care and treatment of their injuries in the past and future, the future medical and health care expenses being reasonably certain to occur, and suffered lost earnings, earning capacity, or both, both in the past and in the future. The injuries are permanent or continuing in nature and Plaintiffs will suffer the damages alleged above in the future.

**WHEREFORE,** Plaintiffs demand judgment against Defendant RCCL for compensatory and punitive damages and the costs of this action, and further demand trial by jury of all issues so triable as of right.

## COUNT V – DIRECT NEGLIGENCE AND CONSEQUENT NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANT RCCL

62. Plaintiffs adopt, reallege, and incorporate by reference all allegations within Paragraphs 1 through 29 above and further allege the following matters.

63. During Plaintiffs' cruise on board the *Symphony of the Seas*, Defendant RCCL assigned Plaintiffs a passenger stateroom during the subject cruise, which was intended and used as a private area for the Plaintiffs' use.

64. During the Plaintiffs' cruise on board the *Symphony of the Seas,* Defendant MIRASOL hid a camera system in the bathroom of Plaintiffs' assigned stateroom, to which he had

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

gained access in the course of his service as a stateroom attendant assigned to clean and maintain Plaintiffs' stateroom, for the purpose of capturing images of Plaintiffs while partially or fully undressed and engaging in private activities in the bathroom, both for his own viewing and/or to distribute and upload to the Internet.

65.     MIRASOL's conduct as alleged above was highly offensive to reasonable passengers including Plaintiffs.

66.     At all material times, MIRASOL's conduct as alleged above caused severe emotional distress to Plaintiffs, which is continuing and more likely than not will continue indefinitely for the reasons alleged in Paragraph 26 above.

67.     At all material times, RCCL employed Defendant MIRASOL as a member of the crew on board the *Symphony of the Seas*, specifically a stateroom attendant assigned to clean and maintain passenger staterooms, including the Plaintiffs' stateroom and the bathroom therein.

68.     At all times material hereto, Defendant RCCL knew or should have known through governmentally compiled statistics that sexual offenses on its passenger cruise vessels, including RCCL vessels such as the *Symphony of the Seas*, were reasonably foreseeable in light of their prevalence aboard its vessels. *See, e.g., K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1049 (11th Cir. 2019)(Carnes, J., concurring)(taking judicial notice of governmental statistics compiling reports of sexual assault on Royal Caribbean vessels specifically, and noting that the reports referenced in those statistics "probably understate" the true incidence of onboard sexual assault). For example, governmental statistics disclose a total of 26 reports of sexual assaults and rapes during RCCL cruises in 2023.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

69.     Furthermore, from April 30, 2023, through May 1, 2023, a hidden Wi-Fi camera was surreptitiously installed in a public bathroom on the top deck of RCCL's, cruise vessel *Harmony of the Seas*, during a cruise which left Miami on April 29, 2023.  That hidden camera recorded more than 150 people using RCCL bathroom facilities, including at least 40 minor children, in various stages of undress, until the camera was discovered by a passenger and reported to security officers.

70.     Accordingly, RCCL at all material times knew or should have known of prior instances of RCCL crewmember use of concealed camera systems to invade passenger privacy and commit sexual offenses.  RCCL nonetheless failed to take adequate steps to prevent or deter such activities onboard its cruise vessels.

71.     Defendant RCCL, at all material times, knew or should have known of the risk of invasion of privacy and related sexual offenses, such as the acts committed by Defendant MIRASOL as alleged above, for the reasons alleged above.

72.     At all material times, Defendant RCCL had a duty of reasonable care toward its fare-paying passengers, including the Plaintiffs, which included a duty to take reasonable steps to avoid or minimize acts of invasion of privacy and related sexual offenses by its crewmembers, such as the acts committed by Defendant MIRASOL as alleged above.

73.     Notwithstanding its actual or constructive knowledge of the risk of invasion of privacy and related sexual offenses by its crewmembers as alleged above, RCCL at all material times breached its duty of reasonable care as alleged above and was thereby negligent through one or more of the following acts of commission and/or omission:

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

a.   Failure adequately to investigate the background of Defendant, MIRASOL before hiring him as a crewmember;

b.   Failure adequately to investigate the background of Defendant, MIRASOL before assigning him to clean, service, or otherwise work in passenger staterooms;

c.   Failure adequately to investigate the background of Defendant, MIRASOL before giving him access to passenger staterooms through its keycard system or otherwise;

d.   Failure adequately to train Defendant MIRASOL to prevent or deter him from engaging in sexual offenses and invasion of passenger privacy;

e.   Failure adequately to supervise Defendant MIRASOL to prevent or deter him from engaging in sexual offenses and invasion of passenger privacy;

f.   Failure adequately to inspect passenger staterooms, including Plaintiffs' staterooms, so as timely to detect and remove hidden or unauthorized cameras or video systems;

g.   Failure adequately to inspect passenger staterooms, including Plaintiffs' staterooms, for concealed cameras and video systems;

h.   Failure to utilize available technological means to search passenger staterooms, including Plaintiffs' stateroom, for concealed cameras or video systems;

i.   Failure adequately to provide passengers with available technological means to inspect their own staterooms for unauthorized or concealed cameras or video systems;

j.   Failure to provide reasonably adequate security aboard the *Symphony of the Seas*, in order to avoid, minimize, prevent or deter sexual offenses and invasion of passenger privacy by its crewmembers;

k.   Failure adequately to train security personnel onboard the *Symphony of the Seas* regarding techniques for avoiding, minimizing, preventing or deterring sexual offenses and invasions of passenger privacy by its crewmembers;

l.   Failure to promulgate and/or implement and enforce adequate policies and procedures on the *Symphony of the Seas* to avoid, minimize, prevent or deter sexual offenses and invasions of passenger privacy by its crewmembers;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

      m.  Failure to promulgate and/or implement and enforce adequate policies and procedures on the *Symphony of the Seas* to provide for the adequate and timely inspection of passenger staterooms for concealed or unauthorized cameras or video systems;

      n.  Failure to promulgate and/or implement and enforce adequate policies and procedures regarding inspection of crewmember quarters for contraband, including unauthorized cameras and video systems capable of being concealed in passenger staterooms for illicit purposes; and/or

      o.  Failure to promulgate and/or implement and enforce adequate policies and procedures with regard to conducting adequate interviews, assessments, background checks, peer reviews, investigations, confirmation of recommendations, and other reasonably necessary background checks for crewmembers or prospective crewmembers assigned to work in passenger staterooms or otherwise given unsupervised access to passenger staterooms.

74.    As a direct and proximate result of one or more of RCCL's negligent acts and omissions as alleged above, MIRASOL committed the acts alleged above and Plaintiffs have thereby suffered and will continue to suffer mental anguish, loss of enjoyment of life, post-traumatic stress disorder,  aggravation of any previously existing conditions therefrom, incurred medical and health care expenses in the care and treatment of their injuries in the past and future, the future medical and health care expenses being reasonably certain to occur,  and suffered lost earnings, earning capacity, or both, both in the past and in the future. The injuries are permanent or continuing in nature and Plaintiffs will suffer the damages alleged above in the future.

**WHEREFORE,** Plaintiffs demand judgment against Defendant RCCL for compensatory and punitive damages and the costs of this action, and further demand trial by jury of all issues so triable as of right.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

## COUNT VI – NEGLIGENT FAILURE TO WARN AND CONSEQUENT NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANT RCCL

75.    Plaintiffs adopt, reallege, and incorporate by reference all allegations within Paragraphs 1 through 29 above and further allege the following matters.

76.    During Plaintiffs' cruise on board the *Symphony of the Seas*, Defendant RCCL assigned Plaintiffs a passenger stateroom during the subject cruise, which was intended and used as a private area for the Plaintiffs' use.

77.    During the Plaintiffs' cruise on board the *Symphony of the Seas,* Defendant MIRASOL hid a camera system in the bathroom of Plaintiffs' assigned stateroom, to which he had gained access in the course of his service as a stateroom attendant assigned to clean and maintain Plaintiffs' stateroom, for the purpose of capturing images of Plaintiffs while partially or fully undressed and engaging in private activities in the bathroom, both for his own viewing and/or to distribute and upload to the Internet.

78.    MIRASOL's conduct as alleged above was highly offensive to reasonable passengers including the Plaintiffs.

79.    At all material times, MIRASOL's conduct as alleged above caused severe emotional distress to Plaintiffs, which is continuing and more likely than not will continue indefinitely for the reasons alleged in Paragraph 26 above.

80.    At all material times, RCCL employed Defendant MIRASOL as a member of the crew on board the *Symphony of the Seas*, specifically a stateroom attendant assigned to clean and maintain passenger staterooms, including the Plaintiffs' stateroom and the bathroom therein.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

81.     At all times material hereto, Defendant RCCL knew or should have known through governmentally compiled statistics that sexual offenses on its passenger cruise vessels, including RCCL vessels such as the *Symphony of the Seas*, were reasonably foreseeable in light of their prevalence aboard its vessels. *See, e.g., K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1049 (11th Cir. 2019)(Carnes, J., concurring)(taking judicial notice of governmental statistics compiling reports of sexual assault on Royal Caribbean vessels specifically, and noting that the reports referenced in those statistics "probably understate" the true incidence of onboard sexual assault). For example, governmental statistics disclose a total of 26 reports of sexual assaults and rapes during RCCL cruises in 2023.

82.     Furthermore, from April 30, 2023, through May 1, 2023, a hidden Wi-Fi camera was surreptitiously installed in a public bathroom on the top deck of RCCL's, cruise vessel *Harmony of the Seas*, during a cruise which left Miami on April 29, 2023.  That hidden camera recorded more than 150 people using RCCL bathroom facilities, including at least 40 minor children, in various stages of undress, until the camera was discovered by a passenger and reported to security officers.

83.     Accordingly, RCCL at all material times knew or should have known of prior instances of RCCL crewmember use of concealed camera systems to invade passenger privacy and commit related sexual offenses, including incidents during the year before the Plaintiff's cruise. RCCL nonetheless failed to take adequate steps to warn passengers including Plaintiffs of the prevalence of such activities and of the means to protect themselves from it.

84.     At all material times, the risk that RCCL crewmembers such as Defendant

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

MIRASOL would place unauthorized or concealed cameras or video systems in passenger staterooms was neither known nor obvious to reasonable passengers, including the Plaintiffs, given the extraordinary and unexpected nature of this conduct for reasonable persons who, unlike RCCL, were not familiar with the matters alleged in Paragraphs 67 and 68 above.

85.     At all material times, Defendant RCCL had a duty of reasonable care toward its fare-paying passengers, including the Plaintiffs, which included a duty to take reasonable steps to warn them of the risk of invasion of privacy and related sexual offenses by its crewmembers, such as the acts committed by Defendant MIRASOL as alleged above.

86.     Notwithstanding its actual or constructive knowledge of the risk of invasion of privacy and related sexual offenses by its crewmembers as alleged above, RCCL at all material times breached its duty of reasonable care regarding warning as alleged above and was thereby negligent, by failing adequately to warn passengers including the Plaintiffs of the risk and through failing to advise them adequately of the need to inspect and procedures for inspecting their own staterooms for unauthorized or concealed cameras or video systems.

87.     As a direct and proximate result of RCCL's negligent failure to warn as alleged above, MIRASOL committed the acts alleged above and Plaintiffs have thereby suffered and will continue to suffer mental anguish, loss of enjoyment of life, post-traumatic stress disorder, aggravation of any previously existing conditions therefrom, incurred medical and health care expenses in the care and treatment of their injuries in the past and future, the future medical and health care expenses being reasonably certain to occur, and suffered lost earnings, earning capacity, or both, both in the past and in the future. The injuries are permanent or continuing in nature and

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*J.H. et al. v. Royal Caribbean Cruises Ltd. et al.*
Case No.:

Plaintiffs will suffer the damages alleged above in the future.

**WHEREFORE,** Plaintiffs demand judgment against Defendant RCCL for compensatory

and punitive damages and the costs of this action, and further demand trial by jury of all issues so

triable as of right.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury of all issues so triable as of right.

Executed this Monday, October 28, 2024.

*/s/Nicholas I. Gerson*
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
JULIO D. TORRES
Florida Bar No. 1040446
jdtorres@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
*Attorneys for Plaintiffs*
